# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-1222-R |
| | ) | |
| WESTERN EXPRESS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This matter comes before the Court on the Motion to Dismiss, filed originally by Defendant Valentina Chmil (Doc. No. 14) and adopted by Defendants Ori (Doc. No. 16), Butler (Doc. No. 19), Fisher (Doc. No. 24), and Crittenden (Doc. No. 47). Plaintiff responded in opposition to the motion, and the Court conducted a hearing on April 20, 2016. Thereafter Defendant Adam Factor served a Motion to Dismiss (Doc. No. 54) to which Plaintiff responded. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this declaratory judgment action seeking a determination regarding the extent of its liability for coverage to its insured, Western Express, Inc., for an accident that occurred on March 31, 2012.[1] Lubomir Tsisyk, who was killed in the accident, was the father of Valentina Chmil's child. The movants were involved in the underlying accident. The Defendants herein have been parties to litigation pending in either state of federal court as

---

[1] Specifically National Casualty requests that the Court determine that the limit of coverage available under its policy for all claims arising from the March 31, 2012 accident is $1,000,000, which is subject to the $900,000 self-insured retention obligation. It further requests a determination that the policy limits have been exhausted by the settlement of certain of the claims arising out of the accident.

a result of the accident. The parties are familiar with the facts related to the underlying litigation, and as a result, the Court will not reiterate those herein except as necessary to address the Defendants' motions. Defendants seek dismissal of the instant case on four grounds: (1) failure to join an indispensable party, whose joinder would destroy the Court's diversity jurisdiction; (2) Plaintiff's claims are barred by the doctrines of claim and issue preclusion; (3) the action should be dismissed pursuant to *Rooker-Feldman*; and (4) the Court should decline to exercise jurisdiction over the declaratory judgment action, applying *Colorado River* abstention. In the reply brief filed with the first set of briefing, Defendants concede that in light of the ongoing appeal of the relevant state-court proceedings, that *Rooker-Feldman* no longer applies. At the April 20, 2016 hearing Defendant Chmil's counsel conceded that claim and issue preclusion are not applicable given the posture of the case. As such, the remaining issues are whether the action should be dismissed because Ms. Tsisyk is an indispensable party who cannot be joined or whether the Court should exercise its discretion to abstain from consideration of the issues raised by this declaratory judgment action.

This declaratory judgment was filed on the heels of a determination in the District Court of Oklahoma County, Case No. CJ-2103-4486, that the policy National Casualty issued to Western Express provided coverage of $1,000,000 for each of the injured or damaged parties in the series of collisions on March 31, 2012.² As a result of this determination by a

---

² National Casualty was not a party to that action, rather the state court's order was in response to a Motion to Enforce Settlement filed by Western Express seeking to enforce a settlement with certain Plaintiffs for "policy limits" without express statement of those limits. The undersigned denied a similar motion in the case pending in this

special master appointed by the trial court, the trial court entered an order on November 11, 2015, noting its prior conclusion that "the policy limits which were set forth in the insurers['] acceptance of the settlement was 31 million dollars. This amount represented the limits of liability for all of the insurers subject to the settlement agreement that was the subject of Western Express Inc., Motion to Enforce Settlement." Case No. CJ-2013-4486 (Nov. 10, 2015). As a result, National Casualty filed the instant action seeking a declaratory judgment regarding the amount of coverage under the policies issued to Western Express. Included as Defendants were most, but not all, of the claimants from the various underlying actions.

Defendants first argue that this action must be dismissed because Plaintiff has not, and cannot, join Natalyia Tsisk as Defendant in this declaratory judgment action because she is citizen of Arizona, which is the location of Plaintiff National Casualty's principal place of business. Nataylia Tsisyk, on behalf of her minor child, is a plaintiff in Case No. CIV-14-944-R, asserting claims as a result of the death of Lubomir Tsisyk, father of V.T., their minor child. Defendants contend that because V.T., through Ms. Tsisyk, has a stake with regard to the amount of coverage available, Ms. Tsisyk must be joined as a party.[3] Plaintiff disagrees, contending that Ms. Tsisyk's interests on behalf of V.T. are adequately represented in this action by her co-plaintiff in the underlying action, Valentina Chmil, on behalf of D.T., who

---

Court, concluding it was not possible to enforce the terms of such a settlement where a key term, that is the amount, was undeterminable from the parties' alleged agreement. The Oklahoma Supreme Court currently has pending before it an appeal by Appellant Western Express challenging the decision of the District Court of Oklahoma County that there was a valid settlement for policy limits and that such limits totaled $31,000,000. The appellee's brief notes the pendency of this action and states "[t]he impact of the district court's ruling on the insurer's obligation can be addressed there." Case No. 114498, Appellee's Brief at 27, n. 10.

[3] For ease of reference the Court refers solely to Ms. Tsisyk, although the claims she seeks are on behalf of her minor child, V.T.

3

has been properly joined as a Defendant herein.

Federal Rule of Civil Procedure 12(b)(7) allows for dismissal for failure to join an indispensable party under Rule 19. Determining if the action should be dismissed requires a three-part inquiry. First, the Court must determine if Ms. Tsisyk is a "required" or "necessary" party pursuant to Rule 19(a). If she is a required/necessary party the Court must discern whether she can be joined, and if not, the Court must assess whether she is indispensable under Rule 19(b). *See Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 (10th Cir. 2012). A required/necessary party who cannot be joined is indispensable at step three if she "is so important to the action that the action cannot 'in equity and good conscience' proceed in that person's absence." *Id.* at 1278-1279. The movant bears the burden of demonstrating the indispensability of the absent party. *See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

Rule 19(a)(1) defines a party as necessary/required if:

(A) in that person's absence, the court cannot afford complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Defendants contend each of these sections is applicable herein. The undersigned disagrees.

The underlying issue herein is a dispute of contractual interpretation. Only National Casualty and Western Express are parties to the insurance contract. Furthermore, as noted

4

by the court in *Liberty Surplus Ins. Corp. v. McFadden at Ballpark LLC*, 116 F.Supp.3d 447, 462 (E.D.Pa. 2015), "a court looks to see whether it can grant complete relief to the persons already parties to the action. The effect that the court's decision has on absent parties is immaterial." Accordingly, the issue of complete relief is whether the rights of the insurer and insured and the current parties can be determined without the presence of any other potential claimants, including Ms. Tsisyk.

Rule 19(a)(1)(B) is concerned with a person claiming an interest relating to the subject of the action. The Tenth Circuit has not considered the issue of a claimed interest in the context of insurance proceeds on a policy issued to an alleged tortfeasor. It has, however, stated "that Rule 19 requires only that movant show that the absent person '*claims an interest* relating to the subject of the action' and that it 'excludes only those claimed interests that are patently frivolous.' *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 998 (10th Cir.2001) (emphasis in original; internal quotations omitted)." *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1078 (D. Colo. 2001). The Court cannot say here that Ms. Tsisyk's interest is "patently frivolous" or unrelated to the underlying action. Indeed each of the persons injured in the underlying accident has an interest in the outcome of this litigation. A greater coverage limit will undoubtedly inure to the benefit of all claimants alike. Accordingly, assuming that Ms. Tsisyk's interest on behalf of V.T. is sufficient to establish a claimed interest for purposes of Rule 19(a), the Court must decide whether her interests are otherwise protected or whether a party will potentially suffer prejudice in her absence.

The Court concludes that not adding Ms. Tsisyk will not impair or impede the

protection of V.T.'s interests because Valentina Chmil is already a party hereto, and indeed all the movants have an interest in obtaining a determination that more than $1,000,000.00 in coverage from National Casualty exists for the accident. The Tenth Circuit made it clear in *Rishell v. Jane Phillips Episcopal Mem'l Med. Cent.*, 94 F.3d 1407, 1412 (10th Cir. 1996), "the prejudice to the relevant party's interest 'may be minimized if the absent party is adequately represented in the suit.'"*Id.* (quoting *Makah Indian Tribe v Verity*, 910 F.2d 555, 558 (9th Cir. 1990)). Mr. Tsisyk's minor children, appearing through their mothers, are represented by the same attorneys and in relation to Defendants Western Express and Schneider and are identically positioned with regard to this litigation. Accordingly, the Court concludes that Nataliya Tsisyk is not a necessary party pursuant to Rule 19(a)(1)(B)(i) because V.T.'s interests are adequately represented, leaving the (B)(ii) inquiry for consideration.

The inquiry under Rule 19(a)(1)(B)(ii) is whether proceeding with this action will leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

> "Inconsistent obligations" are not ... the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a).

*Begay v. Public Serv. Co. of New Mexico*, 710 F.Supp.2d 1161, 1183 (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)). Defendants contend Plaintiff could be subjected to inconsistent obligations because Ms. Tsisyk would not be bound by any decision of this Court and could challenge National Casualty's coverage position in a separate proceeding. The fact that Ms. Tsisyk might seek a post-judgment garnishment against National Casualty in the event the judgment against Western Express is upheld by the Supreme Court of Oklahoma does not create a "substantial risk" of inconsistent obligations for purposes of Rule 19. Rather, as noted by 4-19 *Moore's Federal Practice*, § 19.03, "[a]lthough the Rule speaks of harm to any extant party, it is primarily concerned with the threat posted to *defendants* by nonjoinder of the absentee. Generally only defending parties need worry about the imposition of inconsistent or multiple obligations. Moreover, any harm the plaintiff caused by its structuring of the litigation is self-inflicted. Thus, such potential harm to the plaintiff is rarely relevant." Having created the potential for additional liability by failing to include Nataliya Tsisyk in this litigation National Casualty will be left to address any potential additional liability that could be imposed separately. This potential, however, creates no concern that any Defendant herein will be subjected to inconsistent obligations.

The Court finds that Defendants have failed to establish that Ms. Tsisyk is a required/necessary party for purposes of Rule 19(a). Thus, the feasability of her joinder is not relevant, nor is assessment of the Rule 19(b) factors necessary. However, even if Defendants had established that Ms. Tsisyk is a necessary/required party under Rule 19(a), although her

7

joinder would not be feasible because it would destroy diversity, the Court would conclude that "equity and good conscience" would not require dismissal of this action under Rule 19(b).

The Court considers the following under Rule 19(b):

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). "Because Rule 19(b) does not state the weight to be given each factor, the district court in its discretion must determine the importance of each in the context of the particular case." *Thunder Basin Coal Co. v. Sw. Pub. Serv. Co.*, 104 F.3d 1205, 1211 (10th Cir. 1997).

Applied to the circumstances of this case, the factors set out in Rule 19(b) persuade the Court that this action may proceed without Ms. Tsisyk on behalf of V.T. Clearly Valentina Chmil's claims are identical to Ms. Tsisyk's claims, and thus V.T.'s interests pressed through Ms. Tsisyk will not be prejudiced by not including Ms. Tsisyk in this litigation. Furthermore, as noted above, every movant in this case shares a common interest with regard to the amount of coverage available. Furthermore, if Ms. Tsisyk's interests will not be prejudiced, the Court need not address the considerations set forth in Rule 19(b)(2)(A)-(C), which contemplates the consideration of how any prejudice can be lessened

or avoided.

> Rule 19(b)(3)'s instruction to consider whether a judgment rendered in the person's absence would be adequate is not intended to address the adequacy of the judgment from the plaintiff's point of view. Rather, the factor is intended to address the adequacy of the dispute's resolution. This factor is concerned with the interest of the courts and the public in complete, consistent and efficient settlement of controversies. We read the Rule's third criterion to refer to this public stake in settling disputes by wholes, whenever possible.

*N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1283 (10th Cir. 2012) (internal quotation marks, citations and ellipsis omitted). The Court can resolve the issue of how much coverage is available under the National Casualty policy with regard to Western Express for the underlying action without Ms. Tsisyk. If the Oklahoma Supreme Court concludes that the District Court of Oklahoma County erred in enforcing the settlement of the underlying dispute, the potential for future settlement of those actions will be substantially curtailed by the overriding issue of how much coverage is available, the issue at hand herein.

Finally, although there is an alternative forum available to National Casualty, an action in Oklahoma state court, this factor is not dispositive. *See Rishell*, 94 F.3d at 1412. The Court notes that Plaintiff's choice of forum should not be lightly disregarded. The Court can understand the hesitancy of National Casualty to proceed in state court given the current state of the issues in that forum, where its liabilities have allegedly been adjudicated without its presence. As such, the Court declines to find that the ability of National Casualty to proceed in state court weighs heavily in favor of finding Ms. Tsisyk an indispensable party. Furthermore, in the absence of any factor garnering substantial weight, the Court concludes that it may, "in equity and good conscience," proceed with this action without Ms. Tsisyk.

9

Defendants' motions to dismiss (Doc. Nos. 14, 16, 19, 24, 47 and 54) are hereby denied on this basis.

Defendants alternatively contend the Court should exercise its discretion to dismiss this declaratory judgment action, which is within its power under 28 U.S.C. § 2201. In determining whether to exercise its discretion, the Court should consider:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). Weighing these factors the Court declines Defendants' request to dismiss or stay this action pending the outcome of the litigation in the Oklahoma Supreme Court.

Although the declaratory judgment will not resolve all of the issues in dispute between the parties, it will clarify one fundamental issue that ultimately will require resolution, the amount of coverage available from National Casualty. Certainly the declaratory judgment will clarify the legal relations at issue, and there is no evidence that National Casualty is using the declaratory remedy for procedural posturing. Finally, although Defendants describe the state court litigation as parallel and argue that it would be uneconomical to continue this action pending the outcome of the decision by the Oklahoma Supreme Court, National Casualty is not now and has not been a party to the litigation pending in state court and thus

the litigation cannot be considered truly parallel.[4] The Court hereby denies Defendant's request that it exercise its discretion by dismissing or staying this litigation.

For the reasons set forth herein, the Motions to Dismiss filed by Defendants Chmil, Ori, Butler, Fisher, Crittenden, and Factor (Doc. Nos. 14, 16, 19, 24, 47, and 54) are hereby DENIED.

IT IS SO ORDERED this 21st day of September, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] The movants argue that National Casualty is in privity with Western Express and therefore Western Express can argue on behalf of National Casualty. The Court cannot discern at this juncture whether Western Express and National Casualty could be considered in privity with one another given the existence of a judgment against Western Express for $31,000,000 and National Casualty's position that there is only $1,000,000 of coverage under its policy. Although it appears that the self-insured retention endorsement could place the parties in similar positions, the Court declines to assume that Western Express and National Casualty have identical interests.