IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-1222-R |
| WESTERN EXPRESS, INC; THOMAS R.J. SCHNEIDER; TIMOTHY FISHER; JAMES CIRTTENDEN; ADAM FACTOR; GORGIS ORI; VALENTINA CHMIL; VICTORIA CARDENAS; and DENNIS BUTLER, as Special Administrator of the Estate of CARLOS DeSANTIAGO, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Before the Court is the Motion to Dismiss filed by Defendant Valentina Cardenas (Doc. No. 66). Plaintiff responded in opposition to the motion and Defendant Cardenas filed a reply in support of her position. Having considered the parties' submissions, the Court finds as follows.

As the parties are well aware, National Casualty filed this declaratory judgment action seeking a determination regarding the extent of its liability for coverage of its insured, Western Express, Inc., for damages resulted from a March 31, 2012 multi-vehicle accident. The accident was the catalyst for multiple lawsuits in both state and federal court, and a number of these claims remain outstanding pending the conclusion of certain litigation before the Oklahoma Court of Civil Appeals. The Defendants herein were parties

to either state or federal litigation, or both. Defendant Cardenas, who is a resident of Mexico, seeks dismissal of the Complaint arguing insufficiency of service of process, failure to comply with the Hague Convention, improper service under the laws of Mexico, and violation of due process. She further argues that the Court should exercise its discretion and dismiss this declaratory judgment action in light of the aforementioned appeal pending before the Oklahoma Court of Civil Appeals.

The instant motion has its genesis in a prior Order of this Court, whereby it granted Plaintiff leave to effect service upon Ms. Cardenas, a resident of Mexico, by serving her Oklahoma-based counsel. Ms. Cardenas is represented by current counsel in the underlying litigation wherein she seeks to recover for losses related to the accident. Counsel, the same firm and attorneys who filed the instant motion, previously represented to the Court that Ms. Cardenas did not authorize them to accept service on her behalf and they would not agree to accept service. In an Order dated September 21, 2016, the Court authorized service upon Zelbst, Holmes and Butler, concluding that the Hague Convention did not apply because service would not be transmitted abroad. The Court further concluded that counsel had obviously been in contact with Ms. Cardenas and that service upon counsel would result in notice to Ms. Cardenas. Following service, which Plaintiff apparently accomplished electronically, Defendant filed the instant motion.

Ms. Cardenas first argues the Complaint against her should be dismissed for insufficiency of service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. With regard to service at a place not within any judicial district of the United States, such as Mexico, Rule 4(f)(1) of the Federal Rules of Civil Procedure permits service

"by any internationally agreed means of service that is reasonably calculated to give notice, such as authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Defendant contends service under Rule 4(f)(3) was improper where Plaintiff did not first make a bona fide attempt at serving Ms. Cardenas under Rule 4(f)(1) or (2).

The Court declines to adopt Defendant's position that service under Rule 4(f)(3) is permitted only after one or more unsuccessful attempts under Rule 4(f)(1) or (f)(2).

> The first issue the Court must address is whether Rule 4(f) permits the Court to authorize substitute service under Rule 4(f)(3) when there has been no attempt to comply with the Hague Convention under Rule 4(f)(1). [Plaintiff] has not sent process to Russia's Central Authority, and [Defendant] argues that it would be premature for this Court to permit substitute service without [Plaintiff] having attempted service via that method. The Sixth Circuit "has not addressed the issue of whether there is a hierarchy or preference for the method of service under Rule 49f)." *Flava Works, Inc. v. Does 1-26*, 2013 WL 1751468, at \*7 (N.D. Ill. Apr. 19, 2013). However, the Ninth and Federal Circuits have rejected the argument that Rule 4(f) mandates that service be attempted under subsections (1) and (2) before the Court can authorize substitute service under Rule 4(f)(3), finding that "[n]o such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). *See also Nuance Comm., Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010). "By all indications, court-directed service under rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." *Rio Properties*, 284 F.3d at 1015.

*Phoenix Process Equip. Co., v. Capital Equip. & Trading Corp.*, --- F.Supp.3d ---, 2017 WL 1424800 (W.D.Ky. April 19, 2017). The Tenth Circuit has no contrary authority, and the text of the Rule does not support the requirement Defendant seeks to attach to Rule 4(f)(3). As such, the Court concludes now, as implicit in its prior Order, that a failed

attempted under Rule 4(f)(1) is not necessary before a Plaintiff may resort to alternative methods of service.

The Court also finds Defendant's argument that service upon counsel is not sufficient under Rule 4(f)(3) in light of Mexico's objection to Article 10(a) of the Hague Convention unavailing. As noted in the September 21, 2016 Order, service upon Ms. Cardenas' counsel did not require service in Mexico, and thus the Hague Convention does not apply. *See Calista Enterprises Ltd. v. Tenza Trading Ltd.*, 40 F.Supp.3d 1371, 1376 (D.Ore 2014)("Of Tenza's proposed methods of service, substituted service upon Mr. Zhukov's domestic attorneys is the least problematic. Such service would be complete within the United States and would therefore not trigger the Hague Service Convention. Furthermore, such service would give Mr. Zhukov notice sufficient to satisfy the Due Process Clause. . . . ); *Knit With v. Knitting Fever, Inc.*, Nos. 08–4221, 08–4775, 2010 WL 4977944, at *4 (E.D.Pa. Dec.7, 2010) ("Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate to prevent further delays in litigation."); *RSM Production Corp. v. Fridman*, No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *3 (S.D.N.Y. Aug.10, 2007) ("The Hague Service Convention does not prohibit an order pursuant to Rule 4(f)(3) permitting service through American counsel."). Accordingly, the Court concludes, as it did previously, that service upon Ms. Cardenas' attorneys was proper.

To the extent Defendant's counsel complains that Plaintiff effected service via email, the communications between the parties indicate that counsel agreed to this method. Defendant contends, however, that such service contravenes the Hague Convention. Again,

4

however, the Convention does not apply where service was not effected in Mexico. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988) ("Where service on a domestic agent is valid and complete under both [governing authority] and the Due Process Clause, our inquiry ends and the Convention has no further implications"). Furthermore, "[n]umerous courts have held that service by email does not violate any international agreement," even when a country objects to Article 10 of the Hague Convention, so long as "the objections of the recipient nation are limited to those means [of service] enumerated in Article 10." F.*T.C. v. Pecon Software Ltd.*, No. 12-CV-7186 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013); *see also Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrolios Aerohotelco, C A*, No. CV 13-1981 (BAH), 2016 WL 471273, at *11 (D.D.C. Feb. 7, 2016) ("[A] country's objection to Article 10 does not constitute an express rejection of service by email."); *Amirit Technologies, Inc. v. HTN Wireless, Inc.*, 2017 WL 2080418, at *2 (D.N.J. May 12, 2017)( "Courts addressing the validity of service by email, have held that this method of service 'does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10.'" (*quoting* F.*T.C. v. PCCare247 Inc.*, No. 12-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013)).

Finally, Defendant contends that because NCC did not translate the documents into Spanish, that she has not been given notice that comports with due process. Counsel contends Ms. Cardenas speaks Spanish, and they do not. Despite this apparent language barrier, this same counsel was retained by Ms. Cardenas to represent her in an effort to recover damages for the March 31, 2012 accident. Translation was apparently not required

5

in order for counsel to file the instant Motion to Dismiss the Complaint, indicating that she received sufficient notice so as to comport with due process. *See Tatung Company, Ltd. v. Hsu*, 2014 WL 11514476 (C.D.Cal. March 10, 2014). The Court finds no legal requirement for translation of the documents, and further, it is apparent that Ms. Cardenas received notice of the suit sufficient to comport with due process. The motion to dismiss is DENIED as it related to Defendant's contention that service was incomplete or insufficient.

Defendant also urges the argument previously made by her co-Defendants, that the Court should exercise its discretion and stay or dismiss this declaratory judgment action pending the outcome of related litigation pending before the Oklahoma Court of Civil Appeals. Nothing in the instant motion persuades the Court that its prior determination on this issue was in error or that either of those alternatives should be invoked. Accordingly, and for the reasons set forth in the Court's prior Orders, this portion of the motion is DENIED.

For the reasons set forth herein, Defendant Cardena's Motion to Dismiss (Doc. No. 66) is DENIED.

IT IS SO ORDERED this 22nd day of May, 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE